**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GLENN BAGGETT,

        Plaintiff,

vs.                                                            Case No. 3:08-cv-358-J-32JRK

H & H LIQUID SLUDGE DISPOSAL,
INC., a Florida corporation, RICK
HACHT, individually, EX-TRUCKING,
LLC and ALEXANDER C. BROOKS,
individually,

        Defendants,

## **ORDER**[1]

Before the Court are Plaintiff's Notice Of Voluntary Dismissal Without Prejudice As To Defendants Ex-Trucking, LLC And Alexander C. Brooks Individually (Doc. 29) and Joint Stipulation For Dismissal With Prejudice As To Defendants H & H Liquid Sludge Disposal, Inc., A Florida Corporation, And Rick Hacht, Individually. (Doc. 30.) It is hereby

**ORDERED**:

1. Plaintiff's claims against defendants Ex-Trucking, LLC and Alexander C. Brooks individually are **DISMISSED WITHOUT PREJUDICE**.

2. Inasmuch as this case is brought for unpaid overtime compensation and declaratory relief under the Fair Labor Standards Act, as amended. 29 U.S.C. § 216(b), in which plaintiff seeks unpaid wages, overtime compensation, liquidated damages, and

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

reasonable attorneys' fees and costs, (Doc. 12), the Court must make a finding that any settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. Dep't of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). See also, Silva v. Miller, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009). It is unclear whether the parties' Joint Stipulation For Dismissal With Prejudice (Doc. 30) is premised upon a settlement which must be reviewed and approved as "fair and reasonable" by the Court. The parties shall file no later than **March 4, 2009**, a joint motion for approval of settlement, setting forth the terms of the settlement between them such that the Court may consider whether the settlement "is a fair and reasonable resolution" of the dispute. If the Joint Stipulation is not premised upon a settlement, the parties shall file by **March 4, 2009** a notice to the Court so indicating.

3. The deadlines, hearing and trial dates set forth in the Court's Case Management and Scheduling Order (Doc. 24) are **VACATED**, and all pending motions (Doc. 22) are **TERMINATED** as moot.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of February, 2009.

                                              TIMOTHY J. CORRIGAN
                                              United States District Judge

jl.
Copies to:
Counsel of Record

2